UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>QUENTIN STALLINGS,<br><br>Defendant. | No. 2:14-cr-00212-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Quentin Stallings's ("Defendant") Motion for Early Termination of Supervised Release. (ECF No. 44.) The Government filed an opposition. (ECF No. 45.) Defendant filed a reply. (ECF No. 47.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 23, 2015, Defendant pleaded guilty to a one-count Indictment, which charged distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (ECF No 29.) On August 27, 2015, the Court sentenced Defendant to a 60-month term of imprisonment to be followed by a 60-month term of supervised release. (ECF No. 41.) On September 28, 2021, Defendant filed the instant motion for early termination of supervised release. (ECF No. 44.) The Government has not filed an opposition.

### II. STANDARD OF LAW

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)). Defendant has the burden to demonstrate that early termination of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

### III. ANALYSIS

The sentencing guidelines range for Defendant's term of supervised release is four to five years, and the relevant statutory authority requires the Court to impose a term of supervised release of at least four years. *See* U.S.S.G. § 5D1.2(a)(1), (c); 21 U.S.C. § 841(b)(1)(B). The Court sentenced Defendant to a 60-month term of supervised release, and Defendant contends he has served approximately 34 months of that term. (ECF No. 41 at 1–2; ECF No. 44 at 2.) In his motion, Defendant argues he has been successful under supervised release. (ECF No. 44 at 2–3.) He emphasizes that since his release from prison, he earned his GED and completed a parenting class, has been employed in the construction and maintenance field, recently got married, and is a father to four children. (*Id.* at 2.) Defendant also submits character reference letters from close friends and family. (*Id.* at 6–12.) Based on the foregoing, Defendant argues the statutory factors in 18 U.S.C. § 3583(e) support early termination of supervised release and requests the termination take effect on December 31, 2021. (*Id.* at 3–4.)

The Court commends Defendant on the positive steps he has taken since his release. However, in light of the referenced subset of § 3553(a) factors (specifically the nature and circumstances of the offense, history and characteristics of Defendant, need for adequate deterrence, and need to protect the public), Defendant has not shown that early termination of supervised release is justified.  Due to Defendant's involvement with distribution of methamphetamine and his prior convictions involving a firearm, domestic violence, and criminal gang activity, Defendant's term and conditions of supervised release are well-supported. Although Defendant seems to argue his good behavior warrants early termination of supervised release, "compliance with release conditions, resumption of employment and engagement of family life are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate." *United States v. Bauer*, No. 5:09-cr-00980 EJD, 2012 WL 1259251, at *2 (N.D .Cal. Apr. 13, 2012); *accord United States v. Sine*, No. CR-S-02-079 KJM, 2012 WL 1901298, at *2 (E.D. Cal. May 24, 2012) ("[M]odel prison conduct and full compliance with the terms of supervised release is what is expected of . . . [those] serving terms of supervised release and does not warrant early termination.") (internal quotation marks and citation omitted).

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Early Termination of Supervised Release is hereby DENIED.  (ECF No. 44.)

IT IS SO ORDERED.

Dated:  October 26, 2021

Troy L. Nunley
United States District Judge